# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| United States of America, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CR-99-57-R |
| Lorenzo Lucho Castenada-Ulloa, | ) |
| Defendant. | ) |

## ORDER

Before the Court is a Letter from *pro se* prisoner Lorenzo Lucho Castenada-Ulloa, in which he poses several requests. The Court discusses each request in turn, below.

Mr. Castenada-Ulloa first requests the Court "authorize the Court Clerk to send [him] all the documents that [Public Defender Susan] Otto filed on [his] behalf . . . free of cost," citing *Griffin v. Illinois*, 351 U.S. 12 (1965). *Griffin*, however, involved the provision of trial transcripts for the purposes of a direct appeal. Mr. Castenada-Ulloa is not asking for a trial transcript, nor is he asking for documents for a direct appeal. As such, Mr. Castenada-Ulloa's request for these materials free of cost is DENIED.

Additionally, although unclear, it appears that Mr. Castenada-Ulloa seeks an explanation of this Court's refusal to apply a two-point reduction as a result of the Amendment 782 to the Sentencing Guidelines. The Court denied his request in a February 18, 2015 Order and subsequently, on July 22, 2015, denied a motion to reconsider the February Order. Doc. Nos. 104, 115. To the extent Mr. Castenada-Ulloa yet again requests reconsideration of the decision, such a request is untimely. Further, as the Court

has explained, the Amendment did not affect Mr. Castenada-Ulloa's guideline range. Doc. No. 115. To the extent Mr. Castenada-Ulloa's letter is a Motion for Reconsideration of the Court's February and July Orders, the motion is DENIED.

Mr. Castenada-Ulloa also challenges his sentence, arguing that the drug amounts entered in his PSI were in error.[1] The Court construes this as a motion under 28 U.S.C. § 2255. Mr. Castenada-Ulloa previously has filed § 2255 motions. Doc. Nos. 75, 95. In light of these previous § 2255 motions, the Court lacks jurisdiction to entertain this successive motion because Mr. Castenada-Ulloa has failed to obtain authorization from the Tenth Circuit Court of Appeals to file it. *See* 28 U.S.C. §§ 2255(h), 2244(b); *see also United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). The Court has considered the factors for determining whether to transfer the unauthorized successive § 2255 motion to the Tenth Circuit or to dismiss it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court concludes that Defendant's successive § 2255 motion should be DISMISSED.

Finally, in light of the foregoing, the Court declines Mr. Castenada-Ulloa's request to appoint him counsel.

Accordingly, the Court DENIES Mr. Castenada-Ulloa's Motion/Letter [Doc. No. 116].

---

[1] Mr. Castenada-Ulloa also expresses confusion as to why his 292-month sentence was not reduced following the post-conviction dismissal of Count 3. Mr. Castenada-Ulloa was sentenced on multiple counts to run concurrently, the highest of which was for 292 months (Count 1). Given the concurrent nature of his sentences, dismissal of Count 3, with a lower sentence of 60 months, would not change his 292-month sentence.

IT IS SO ORDERED this 30th day of March, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE